UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DIANE FORRESTER,

           Plaintiff,

                                           Case No. 11-15640
v.                                        Honorable Thomas L. Ludington

HARLEYSVILLE LAKE
STATE INSURANCE COMPANY,

           Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT AND SANCTIONS**

In 2011, Plaintiff Diane Forrester was injured in an automobile accident. At the time of the accident, she had a no-fault insurance policy issued by Defendant Harleysville Lake State Insurance Company. Following the accident, Plaintiff submitted claims to Defendant for medical expenses, lost income, attendant care, and replacement services. Defendant paid the medical expenses but not the rest of the claims, Plaintiff alleges. So Plaintiff brought suit.

Plaintiff now moves for partial summary judgment and Rule 11 sanctions. ECF No. 11. Specifically, Plaintiff seeks partial summary judgment on her entitlement to three unpaid categories of benefits: lost income, attendant care, and replacement services. She offers no evidence, however, regarding the amount claimed for the first category of benefits. She offers no admissible evidence regarding the amount claimed for the second category. And she offers only incomplete, contested evidence regarding the amount claimed for the final category. Because Plaintiff has not demonstrated that there are no genuine issues of material fact and that she is entitled to judgment as a matter of law, her motion for partial summary judgment will be denied.

Additionally, Plaintiff moves for Rule 11 sanctions against Defendant, asserting that it has no legitimate basis for opposing Plaintiff's claimed benefits. In filing her motion, however, Plaintiff did not comply with the requirement that Rule 11 sanctions pleading be filed as a separate motion. And she did not comply with the rule's twenty-one day safe harbor requirement. Accordingly, Plaintiff is not entitled to sanctions.

I

Plaintiff is a fifty-one year old woman. Single, she lives alone in a three-bedroom duplex. A small-business owner, Plaintiff owns and operates three laundry mats: Warwick Cleaners, Saginaw Wheeler Street Laundry, and Center Road Laundry.

On June 19, 2011, Plaintiff was injured in an automobile accident in Saginaw, Michigan. At the time, Plaintiff was insured by Defendant. The accident tore Plaintiff's right rotator cuff, damaged her shoulder joint (specifically, her acromioclavicular joint), and ruptured two disks in her neck (at C5-C6 and C6-C7).

As a result, Plaintiff reports, "she has been required to not only downscale her business but to hire employee to perform the work which she was fully capable of performing prior to June 19, 2011." Pl.'s Br. Supp. Mot. Summ. J. 1–2 ("Pl.'s Br."), ECF No. 11. At present, Plaintiff further reports, she "continues to be disabled from her employment and is wearing a neck brace (soft collar) and continues to take pain medications." *Id*. at 2.

Since the accident, Plaintiff acknowledges, "[t]he majority of the medical bills have been paid by Defendant." *Id*. But, Plaintiff asserts, "Defendant has refused to reimburse Plaintiff for her loss of income, expenses for attendant care and replacement services." *Id*.

Accordingly, in November 2011 Plaintiff brought suit for the unpaid benefits pursuant to the Michigan No-Fault Act in the Saginaw Circuit Court. In December 2011, Defendant

removed the case to this Court. ECF No. 1. Plaintiff now moves for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 and for sanctions pursuant to Rule 11. ECF No. 11.

## II

### A

A motion for summary judgment should be granted if the "movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed," Rule 56 provides, "must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1) (formatting omitted).

The moving party has the initial burden of identifying where to look in the record for evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who must "set out specific facts showing a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted).

The Court must view the evidence and draw all reasonable inferences in favor of the non-movant and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

**B**

"The primary goal of the [Michigan] no-fault act is 'to provide victims of motor vehicle accidents assured, adequate, and prompt reparation for certain economic losses.'" *McCormick v. Carrier*, 795 N.W.2d 517, 547 (Mich. 2010) (quoting *Shavers v. Attorney Gen.*, 267 N.W.2d 72, 77 (Mich. 1978). To achieve this goal, the act enumerates a number of categories of "personal protection insurance benefits." Mich. Comp. Laws § 500.3107(1). Here, as noted, Plaintiff asserts that she is entitled to judgment as a matter of law on three categories of unpaid benefits: lost income, attendant care, and replacement services. Pl.'s Br. 2.

The act provides that these benefits "are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained." § 500.3142(2). Two requirements are thus imposed on a person seeking to collect — "in addition to the fact of the loss, the claimant must submit reasonable proof of the amount as well." *Bajraszewski v. Allstate Ins. Co.*, 825 F.Supp.2d 873, 880 (E.D. Mich. 2011) (Lawson, J.) (citing *Regents of Univ. of Mich. v. State Farm Mut. Ins. Co.*, 650 N.W.2d 129, 138 (Mich. Ct. App. 2002). "The statute requires only reasonable proof of the amount of loss," the Michigan Court of Appeals cautions, "not exact proof." *Williams v. AAA Mich.*, 646 N.W.2d 476, 485 (Mich. Ct. App. 2002) (emphasis omitted).

The act also establishes a burden-shifting regime. "Once a claimant provides reasonable proof of the fact and amount of the loss, the insurer has a duty to conduct its own investigation into the reasonableness and necessity of the charges and ask for what it deems lacking." *Detroit Med. Ctr. V. Encompass Ins. Co.*, No. 09–14821, 2011 WL 3111970, at *7 (E.D. Mich. July 26, 2011) (Lawson, J.) (quoting *Borgess Med. Ctr. v. Resto*, 579, 730 N.W.2d 738, 750 (Mich. Ct. App. 2007)).

**1**

The first category of unpaid benefits that Plaintiff seeks to recover is "lost income," defined under the act as "loss of income from work an injured person would have performed . . . if he or she had not been injured." Mich. Comp. Laws § 500.3107(1)(b).

Specifically, Plaintiff claims she is entitled to $45,360 in lost income. Pl.'s Supp. Mem. Ex. 1, ECF No. 14-1. She calculates this figure by estimating that if she had not been injured she would have earned $360 per week per store (i.e., $1,080 per week) for forty-two weeks. *Id*. She writes: "In answer to interrogatories sworn to under oath by the Plaintiff, lost income has been claimed in the amount of $1,080/week. The basis upon which this loss of income is predicated takes into account the amount of income received per week at three laundromats. This amount was further verified by the tax returns which have been supplied to [Defendant]." Pl.'s Br. 3 (emphasis omitted). She continues: "Any difficulty which [Defendant] may have with regard to calculating [Plaintiff's] lost income may be easily obtained by deducting business expenses from gross income as provided in the tax documents submitted to the Internal Revenue Service. . . . An economist has been retained by the name of Michael Thomson, Ph.D. who will further verify this number should a jury trial become necessary." *Id*. at 5.

In moving for summary judgment, however, Plaintiff does not offer any evidence substantiating her calculations. She does not attach her tax returns, for example. She does not attach her answers to Defendant's interrogatories. She does not attach an affidavit or other evidence from Dr. Thompson. And she does not attach her own affidavit or any other evidence supporting her lost income calculations. In sum, she offers argument, not evidence, regarding the amount of her lost income.

Defendant, in contrast, opposes the motion with evidence showing that it has not yet paid lost income benefits to Plaintiff because she has not submitted reasonable proof of the amount of the loss. First, Defendant attaches an affidavit from a claims specialist, who testifies: "In regard to Plaintiff's claim for work loss benefits, Plaintiff has not submitted sufficient documentation requested by [Defendant] to verify her claimed [income] loss." Kane Aff. ¶ 8, *attached as* Def.'s Resp. to Pl.'s Mot. Summ. J. Ex. 2. Defendant elaborates in its brief that "Plaintiff has yet to provide the requested [tax] schedules that will confirm, among other things, business expenses which are not an element of her claim for [income] losses." Def.'s Br. Resp. to Pl.'s Mot. Summ. J. 9 ("Def.'s Br."). Additionally, Defendant attaches a claim adjuster's log, which notes that the documents Plaintiff sent to Defendant are "missing information. . . . [The accountant] needs the profit and loss statements." Def.'s Resp. Ex. 5. Defendant concludes "Plaintiff's [income] loss claim is certainly 'not undisputed' but is subject to verification and review once Plaintiff finally provides the requested tax documents and schedules." Def.'s Br. 10.

Defendant is correct that Plaintiff is not entitled to summary judgment on her lost income claim. "The goal of the no-fault act," the Michigan Court of Appeals explains, "is to place individuals in the same, but no better, position that they were before their automobile accident. Certainly, plaintiff cannot claim that [her] actual expendable income included even that income which [she] was required to pay out as business expenses." *Adams v. Auto Club Ins. Ass'n*, 397 N.W.2d 262, 264 (Mich. Ct. App. 1986). Consequently, when a person is self-employed like Plaintiff, "loss of income under § 3107(b) contemplates the deduction of business expenses from gross income." *Id.* (citing *Coates v. Mich. Mut. Ins. Co.*, 306 N.W.2d 484 (Mich. Ct. App. 1981)). Moreover, "The decision concerning whether certain business-related expenses should

be deductible business expenses for purposes of determining work-loss benefits is primarily a factual question." *Adams*, 397 N.W.2d at 265.

It is possible, of course, that if Plaintiff had not been injured the net income from the three businesses would have been $1,080 per week. But Plaintiff has not offered any evidence demonstrating that she would have netted this amount. She has not carried her burden under Rule 56 of demonstrating that she is entitled to summary judgment on her lost income claim.

**2**

The second category of benefits that Plaintiff seeks to recover is "attendant care," defined under the act as "all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." Mich. Comp. Laws § 500.3107(1)(a).

Specifically, Plaintiff claims she is entitled to $26,496 in attendant care expenses. Pl.'s Supp. Mem. Ex. 1. She calculates this figure by asserting that her mother, Marilynn Christensen, cared for Plaintiff for sixty-nine days. *Id.* Acknowledging that attendant care expenses must be "reasonable in amount," Plaintiff writes: "Plaintiff has set forth a reasonable rate for the daytime and nighttime attendant care services by [Plaintiff's] family, to wit: $17/hour for 16 hours/day [and] $14/hour for 8 hours/day." Pl.'s Br. 6 (formatting omitted). In support, Plaintiff attaches a document signed by her mother in which the lady reports: "I had to help [Plaintiff] wash her hair and body, cut her finger and toe nails, get dress[ed], comb hair[,] get deodorant on, tie shoes." Pl.'s Mot. Summ. J. Ex. 4. (This document, an unsworn, out of court statement offered for the truth of the matter asserted, is presumptively hearsay. Fed. R. Evid. 801(c); *see* Fed. R. Civ. P. 56(c)(2).) For providing these services, Plaintiff concludes, her mother is entitled to $384 per day.

Defendant opposes the claimed attendant care expenses on two grounds. First, "claiming attendant care expense of 24 hours per day . . . does not appear reasonable in regard to the actual care that was provided." Def.'s Br. 10. And second, "the attendant rate of $17.00 per hour for 16 hours and $14.00 per hour for the balance of the 24-hour period each day is not consistent with market cost." *Id*. at 11. In support of its second argument, Defendant attaches a market survey showing the average wage for home health aides in the area ranges from $7.40 to $8.00 per hour. Def.'s Resp. Ex. 6.

Defendant is again correct that Plaintiff is not entitled to summary judgment on this claim. Attendant care expenses, as noted, are defined under the act as "all reasonable charges incurred for reasonably necessary products, services and accommodations." Mich. Comp. Laws § 500.3107(1)(a). "To be reimbursed for an 'allowable expense' under [§] 500.3107(1)(a)," the Michigan Court of Appeals instructs, "a plaintiff bears the burden of proving that (1) the charge for the service was reasonable[;] (2) the expense was reasonably necessary[;] and (3) the expense was incurred." *Williams v. AAA Mich.*, 646 N.W.2d 476, 485 (Mich. Ct. App. 2002) (citing *Spect Imaging, Inc. v. Allstate Ins. Co.*, 633 N.W.2d 461 (Mich. Ct. App. 2001)).

"Reasonableness" is thus the criterion: "an insurer is not liable for any medical expense to the extent that it is not a reasonable charge for a particular product or service, or if the product or service itself is not reasonably necessary." *Nasser v. Auto Club Ins. Ass'n*, 457 N.W.2d 637, 645 (Mich. 1990). Moreover, the Michigan Supreme Court cautions, "the question whether expenses are reasonable and reasonably necessary is generally one of fact for the jury." *Id*. at 647.

Here, a genuine issue of fact exists as to whether the claimed service — twenty-four hour care for sixty nine days — was reasonably necessary. Even if the unsworn, out of court

statement offered by Ms. Christensen is considered, it is not obvious that round-the-clock care was necessary "to help [Plaintiff] wash her hair and body, cut her finger and toe nails, get dress[ed], comb hair[,] get deodorant on, tie shoes." Pl.'s Mot. Summ. J. Ex. 4. Additionally, a genuine issue of fact exists as to whether the charged rate for the service was reasonable. The only evidence of the fair market value of the services (the survey produced by Defendant) shows that Plaintiff's proposed hourly rate is more than twice the prevailing market rate in the area. Plaintiff is not entitled to summary judgment on her attendant services claim.

### 3

The third category of benefits that Plaintiff seeks to recover is replacement services, defined under the act as "[e]xpenses not exceeding $20.00 per day, reasonably incurred in obtaining ordinary and necessary services in lieu of those that, if he or she had not been injured, an injured person would have performed . . . not for income but for the benefit of himself or herself." Mich. Comp. Laws § 500.3107(1)(c).

Specifically, Plaintiff claims she is entitled to $5,880 in replacement services: she calculates that she is entitled to $20 per day for 294 days. Pl.'s Supp. Mem. Ex. 1. In support, Plaintiff attaches a document listing of replacement services that she received. Pl.'s Mot. Ex. 2. (The attachment, however, documents fifty-four days of services, not 294 days. *Id*.)

Defendant opposes the claimed benefits, asserting: "For all replacement service expenses that have been incurred and submitted to [Defendant] for payment, the same have been paid . . . . Further, to the extent that service expense reimbursement was provided for the first time in Plaintiff's motion for partial summary judgment . . . this payment has been made." Def.'s Br. 11. In support, Defendant attaches the affidavit of the claims specialist in charge of handling Plaintiff's claim, who testifies that "to the extent that any claimed replacement services have not

been paid, Plaintiff has not submitted those expenses to me for payment as required by Plaintiff's contract with [Defendant] and the Michigan No-Fault Act." Kane Aff. ¶ 6. Thus, Defendant concludes, Plaintiff is not entitled to summary judgment on this claim.

Defendant is again correct. A genuine issue of fact exists as to what replacement services have been both incurred by Plaintiff and not yet paid by Defendant. Plaintiff is not entitled to summary judgment on this claimed benefit.

### III

Finally, Plaintiff moves for Rule 11 sanctions against Defendant. "Defendant has no legitimate reason to set forth in front of this Honorable Court to dispute the facts which have been cited above," Plaintiff writes, concluding: "It is Plaintiff's intention and argument that Defendant has taken this position arbitrarily and has done so despite having required Plaintiff to borrow money to pay expenses for food, shelter and clothing. Defendant's refusal has caused the Plaintiff a great deal of anxiety, stress and has placed her in abject poverty." Pl.'s Br. 8–9.

Defendant opposes the motion for sanctions on procedural and substantive grounds. "Such motion was not provided to Defendant for review under the safe harbor period of 21 days," Defendant notes, continuing: "nor has a separate motion for Rule 11 sanctions been made." Def.'s Br. 13. Substantively, Defendant asserts that its factual contentions have evidentiary support and its legal defenses are warranted by existing law.

Defendant is again correct that Plaintiff is not entitled to the relief that she seeks. Federal Rule of Civil Procedure 11 provides: "A motion for sanctions must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). The rule also establishes a twenty-one day "safe harbor," providing: "The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn

or appropriately corrected within 21 days after service." *Id*. The advisory committee notes elaborate:

> The rule provides that requests for sanctions must be made as a separate motion, *i.e.,* not simply included as an additional prayer for relief contained in another motion. The motion for sanctions is not, however, to be filed until at least 21 days (or such other period as the court may set) after being served. If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court. These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation.

Fed. R. Civ. P. 11 advisory committee notes (1993 amend.); *see generally* Charles Wright et al., 5A *Federal Practice and Procedure* § 1337.2 (discussing safe harbor provision).

The Sixth Circuit likewise cautions that "Rule 11 is unavailable where the moving party fails to serve a timely 'safe harbor' letter." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511 (6th Cir. 2002) (citing *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997)).

In this case, Plaintiff does not allege that she complied with the safe harbor provision by serving the motion on Defendant at least twenty-one days before filing it in this Court. And she did not file the Rule 11 motion separately from her motion for partial summary judgment. Rule 11 sanctions are therefore unavailable.

### IV

Accordingly, it is **ORDERED** that Plaintiffs' motion for partial summary judgment and sanctions (ECF No. 11) is **DENIED**.

Dated: July 30, 2012

                                            s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

-12-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 30, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS